UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KENNETH HALL,

    Plaintiff,

v.                                               CASE NO.  8:16-cv-69-T-26MAP

BARNETT OUTDOORS, LLC,
SYNERGY OUTDOORS, LLC, and
WILDGAME INNOVATIONS, LLC,

    Defendants.
_____/

## O R D E R

    Defendants, through counsel, have filed a motion to dismiss the Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) attacking this Court's subject matter jurisdiction to entertain this action on the basis that no diversity jurisdiction exists.  They specifically contend that because both Defendant Barnett Outdoors, LLC, and the Plaintiff are citizens of  of Illinois, diversity jurisdiction is lacking.

    As the Court views the motion, it is a factual attack, as opposed to a facial attack, on this Court's subject matter jurisdiction, thus enabling the Court to consider matters outside the pleadings such as testimony and affidavits.  See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  The allegations of the motion, however, are not verified or supported by any affidavit of a person having knowledge of the facts alleged in the motion and rely solely on the representations of counsel which are not a substitute for proof.  See Mora v. United States, 955

F.2d 156, 158 (2nd Cir. 1992) (observing that "[r]esearch has revealed no authority for the proposition that a district court must rely on a representation, made by the government or any other litigant for that matter. Instead, in making a determination, a trial court must rely on the evidence before it.") (cited and quoted with approval in <u>United States v. Potes Ramirez</u>, 260 F.3d 1310, 1314 (11th Cir. 2001)). Consequently, this Court will not embark on a fact-finding mission with regard to its subject matter jurisdiction until Defendants establish preliminarily through a proper motion that there is an arguably factual basis to support its contention that diversity jurisdiction is nonexistent in this case.

Accordingly, because Defendants' motion is woefully insufficient in terms of proof supporting their contention that Defendant Barnett Outdoors, LLC, is a citizen of the same state as the Plaintiff, Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Dkt. 18) is denied without prejudice to being renewed in proper form within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on March 25, 2016.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record